**E-FILED**
Thursday, 09 February, 2006  09:36:14 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

ARTILLA M. DYE,                                )
                                               )
               Plaintiff,                      )
                                               )
vs.                                            )     No. 05-cv-04090-MMM-JAG
                                               )
DIANN GRAVINO; and WEST CENTRAL                )
COMMUNITY SERVICES, INC.,                      )
an Illinois Not-For-Profit Corporation,        )
                                               )
               Defendants.                     )

**FILED**

FEB  ⸰  2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### ANSWER TO COMPLAINT

Defendants, Diann Gravino and West Central Community Services, Inc. ("WCCS"), for their answer to the plaintiff, Artilla M. Dye's complaint, states as follows:

### A. JURISDICTION.

1.      This Court's subject matter jurisdiction is founded on federal question jurisdiction under 28 U.S.C. § 1331, in that Plaintiff's case arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et seq.) and § 1981 of the Civil Rights Act of 1866, as amended (42 U.S.C. § 1981) ("the Acts").

> **ANSWER:**    Defendants admit that the allegations of plaintiff's complaint give rise to federal question jurisdiction but specifically deny the truth of those allegations.

2.      Pursuant to CD-IL Local Rule 40.1(f), Plaintiff files her Complaint in the Rock Island Division of the Central District of Illinois because this cause arises from Warren County, Illinois.

> **ANSWER:**    Defendants admit that the allegations of plaintiff's complaint give rise to venue in the Central District of Illinois, Rock Island Division.

-1-

## B. THE PARTIES.

1.      Plaintiff, Artilla M. Dye, is an African American female.

**ANSWER:**    Defendants admit the allegations of paragraph 1, part B, of plaintiff's complaint.

2.      Plaintiff is a resident of Danville, Vermilion County, Illinois.

**ANSWER:**    Defendants admit the allegations of paragraph 2 of plaintiff's complaint.

3.      Defendant, West Central Community Services, (hereinafter "Head Start") is an Illinois Not-For-Profit Corporation, with its main office located in Monmouth, Warren County, Illinois, and provides early childhood education/development services to residents in Knox, Warren and Henderson County, Illinois referred to as Head Start.

**ANSWER:**    Defendants admit the allegations of paragraph 3, part B, of plaintiff's complaint.

4.      Defendant, Diann Gravino, a Caucasian female, is and at all material times was, Head Start's Executive Director.

**ANSWER:**    Defendants admit the allegations of paragraph 4, part B, of plaintiff's complaint.

## C. DISCRIMINATION BASED ON RACE.

1.      In September 2004, Head Start advertised a bus driver position, and in response to that advertisement, on or about October 6, 2004, Plaintiff filed an application for employment in that position with Head Start.

**ANSWER:**    Defendants admit the allegations of paragraph 1, part C, of plaintiff's complaint.

2.      Plaintiff had previous experience as a bus driver, has a valid bus driver's license, and was otherwise well qualified for the job.

-2-

**ANSWER:**    Defendants are without sufficient knowledge or information to admit the truth of allegations regarding plaintiff's prior experience.

3.    Mike Sage, then the Head Start Human Resources Manager, received the application from Plaintiff, formed the opinion that Plaintiff was qualified for the position and on or about November 10, 2004 recommended to Gravino that Plaintiff be hired to fill the position; but immediately after viewing a copy of Plaintiff's driver's license photograph attached to the application, Gravino made the comment to Sage that Plaintiff was "probably just a fat lazy black woman" and should not be hired.

**ANSWER:**    Defendants deny the allegations of paragraph 3, part C, of plaintiff's complaint.

4.    Contemporaneously with making the above statement, Gravino, acting on behalf of Head Start in her capacity as Head Start's Executive Director, made the decision not to hire Plaintiff, despite the recommendation of Sage.

**ANSWER:**    Defendants deny the allegations of paragraph 4, part C, of plaintiff's complaint.

5.    Plaintiff was the only qualified applicant for the bus driver position, and the position for which Plaintiff applied was never filled.

**ANSWER:**    Defendants deny the allegations of paragraph 5, part C, of plaintiff's complaint.

6.    Plaintiff's race was the basis for the Defendants' decision not to hire Plaintiff.

**ANSWER:**    Defendants deny the allegations of paragraph 6, part C, of plaintiff's complaint.

7.    In refusing to hire Plaintiff, Defendants violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended, and Section 1981 of the Civil

Rights Act of 1866, 42 U.S.C. § 1981.

> **ANSWER:**  Defendants deny the allegations of paragraph 7, part C, of plaintiff's complaint.

8.      Head Start is vicariously liable to Plaintiff under the Acts for the acts of Gravino, its Executive Director, which resulted in Head Start's refusal to hire Plaintiff based on Plaintiff's race.

> **ANSWER:**  Defendants deny the allegations of paragraph 8, part C, of plaintiff's complaint.

9.      Gravino is individually liable to Plaintiff under Section 1981 for her refusal to hire Plaintiff based on Plaintiff's race.

> **ANSWER:**  Defendants deny the allegations of paragraph 9, part C, of plaintiff's complaint.

10.      Plaintiff has suffered and will continue to suffer damages as a proximate result of said deprivation of her rights, including but not limited to lost wages and benefits, emotional distress, humiliation, embarrassment and loss of reputation.

> **ANSWER:**  Defendants deny the allegations of paragraph 10, part C, of plaintiff's complaint.

11.      Plaintiff has incurred and will continue to incur reasonable legal fees in enforcing her rights, for which Defendants are liable as contemplated by 42 U.S.C. §§1988 and 2000e-5(k).

> **ANSWER:**  Defendants deny the allegations of paragraph 11, part C, of plaintiff's complaint.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

1.      On August 2, 2005, fewer than 300 days after Defendants' refusal to hire Plaintiff, Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission, Chicago District Office.

**ANSWER:**    Defendants admit that plaintiff filed a charge of discrimination with the EEOC on or about August 2, 2005, but deny the factual allegations made in that charge.

2.    On August 25, 2005, the EEOC determined that it would be unable to complete its process within 180 days of the filing of Plaintiff's charge and issued to Plaintiff a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit A.

**ANSWER:**    Defendants admit that a copy of plaintiff's right-to-sue letter is attached to her complaint.

3.    Plaintiff received the Notice of Right to Sue on August 31, 2005.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3, part D, of plaintiff's complaint.

4.    Fewer than ninety days have elapsed since receipt by Plaintiff of said Notice of Right to Sue.

**ANSWER:**    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4, part D, of plaintiff's complaint.

5.    Plaintiff is entitled to file a civil action in a United States District Court for adjudication of her employment discrimination claims.

**ANSWER:**    Defendants admit that the allegations of plaintiff's complaint invoke federal jurisdiction but deny the truth of those allegations.

6.    No requirement for the exhaustion of administrative remedies exists with regard to Plaintiff's Section 1981 claims.

**ANSWER:**    Defendants admit that actions brought pursuant to 42 U.S.C. § 1981 may be filed in the U.S. district courts in the first instance.

For all of the foregoing reasons, defendant, West Central Community Services, Inc., moves this Court for entry of an order dismissing plaintiff, Artilla M. Dye's complaint, in its entirety and with prejudice.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to plaintiff's complaint, defendant, West Central Community Services, Inc., states as follows:

### First Affirmative Defense

The complaint of plaintiff, Artilla M. Dye, fails to set forth facts upon which this court could grant relief. Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense

On information and belief, plaintiff, Artilla M. Dye, has failed to act reasonably to mitigate her claimed damages.

Stephen E. Balogh
Lead counsel for defendants DIANN GRAVINO and
WEST CENTRAL COMMUNITY SERVICES, INC.
Williams & McCarthy
321 W. State Street, Suite 400
P.O. Box 219
Rockford, IL 61105
Telephone: (815) 987-8946
Facsimile: (815) 965-5134
E-mail: sbalogh@wilmac.com

## CERTIFICATE OF LAWYER

The undersigned hereby certifies that at 5:00 o'clock p.m. on February 8, 2006 at 321 West

State Street, Rockford, Illinois, he mailed a copy of the foregoing instrument to the following with

postage fully prepaid:

> Attorney Daniel S. Alcorn
> Stoerzbach Morrison, P.C.
> 139 South Cherry Street
> P.O. Box 1328
> Galesburg, IL  61402-1328

Stephen E. Balogh
Counsel for defendants, DIANN GRAVINO and WEST
CENTRAL COMMUNITY SERVICES, INC.
Williams & McCarthy
321 W. State Street, Suite 400
P.O. Box 219
Rockford, IL  61105
Telephone:  (815) 987-8946
Facsimile:  (815) 965-5134
E-mail:  sbalogh@wilmac.com