UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ARTILLA M. DYE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIANN GRAVINO; and WEST CENTRAL )<br>COMMUNITY SERVICES, INC., )<br>an Illinois Not-For-Profit Corporation, )<br>)<br>Defendants. ) | Case No.  05-4090 |

**REPORT OF RULE 26(f) PLANNING MEETING**

Counsel of record for Plaintiff and Defendants have met pursuant to Fed. R. Civ. P. 16 and 26(f) to discuss the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, to arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan and scheduling order, which is set forth below.

**A.     RULE 26(f) DISCOVERY PLAN**

**1.     Rule 26(a) Disclosures.**  The parties shall make their initial Rule 26(a) disclosures by April 14, 2006.

**2.     Subjects of Discovery.**  Plaintiff asserts that she will require discovery relating to at least the following subjects:

> a.    The facts and circumstances surrounding Defendants' refusal to hire Plaintiff;
>
> b.    Defendant West Central Community Services' policies and practices concerning hiring of minorities;

    c.    Reports of discrimination in hiring or of disparate treatment in employment made against Defendant Diann Gravino by anyone other than Plaintiff and any investigation made into those reports; and

    d.    The extent and nature of any defenses asserted by Defendants.

Defendants assert that they will require discovery relating to at least the following subjects:

    a.    The nature and extent of Plaintiff's claims;

    b.    Whether Plaintiff suffered damages and, if so, the manner in which she calculates the same.

**3.**    **Proposed Changes to Discovery Limitations and Rules.**  The parties do not desire to make any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court.

**4.**    **Other Matters.**

    a.    **Referral to Magistrate**.  At this time there is no agreement between the parties to consent to trial, disposition and judgment by a United States Magistrate Judge with appeal to the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. §636(a)(3).

    b.    **Alternative Dispute Resolution.**  At this time, the parties do not consent to arbitration, summary jury trial or reference to a special master, but will consider methods of alternative dispute resolution after conducting discovery.

    c.    **Settlement Efforts.**  The parties have engaged in good-faith settlement discussions.  Settlement efforts have been unsuccessful but continue.

    d.    **Jury Demand.**  A jury trial has been demanded.

    e.    **Estimated Length of Trial.**  The parties estimate that this litigation will take two trial days, including opening statements, closing arguments and jury instructions.

    f.    **Protective Order.**  The parties agree that discovery in this case should be governed by a protective order and a copy of the proposed agreed order is attached.

B.  **SCHEDULING DEADLINES.**  The parties propose the following scheduling deadlines for this lawsuit.

1. **Pleadings.**

    a.  The deadline for adding parties under Fed. R. Civ. P. 13, 14 and 19 shall be May 15, 2006.

    b.  Amendment of pleadings shall be completed by June 15, 2006.

2. **Discovery.**

    a.  Plaintiffs shall disclose their expert witnesses in accordance with Rule 26(a)(2) on or before July 14, 2006;

    b.  Defendants shall disclose their expert witnesses in accordance with Rule 26(a)(2) on or before August 15, 2006; and

    c.  All discovery shall be completed by December 15, 2006.

3. **Dispositive Motions.**  The deadline for filing dispositive motions shall be February 15, 2007.

4. **Final Pretrial Order.**  The final pretrial order required by the Local Rule of the United States Court for the Central District of Illinois shall be filed no later than forty-five (45) days following the Court's ruling on any dispositive motions concerning liability.  If no dispositive motions are filed, the final pretrial order shall be filed by March 15, 2007.

**DATED**:  March 1, 2006.

FOR PLAINTIFF:

s/ DANIEL S. ALCORN
#06209425
STOERZBACH MORRISON, P.C.
139 South Cherry Street
P. O. Box 1328
Galesburg, IL  61402-1328
Telephone:  (309) 341-6000
Telefax:     (309) 343-7500
alcornd@galesburglaw.com

FOR DEFENDANTS:

s/ STEPHEN E. BALOGH
#06196720
WILLIAMS & MCCARTHY
321 W. State Street, Suite 400
P. O. Box 219
Rockford, IL   61105
Telephone:   (815) 987-8946
Telefax:       (815) 965-5134
sbalogh@wilmac.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| ARTILLA M. DYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  05-4090 |
| ) | |
| DIANN GRAVINO; and WEST CENTRAL ) | |
| COMMUNITY SERVICES, INC., ) | |
| an Illinois Not-For-Profit Corporation, ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

On agreement of the parties for a protective order;

IT IS HEREBY ORDERED THAT:

1.     It is anticipated that plaintiff shall seek personnel records and information regarding similarly situated employees of defendant, West Central Community Services, Inc., including Diann Gravino, and that defendants may offer similar records for their defense.

2.     The documents described in paragraph 1 above as well as the information contained in such documents shall be considered to be "confidential" for purposes of this Order, and, when so designated, shall be subject to limited disclosure.

3.     Documents or information designated as confidential in accordance with this Order shall be used solely for purposes of the instant action and, unless the Court rules otherwise, shall not be disclosed or revealed to any person other than (a) counsel of record in this action and the staffs of their respective law firms; (b) a party to this action; (c) any person retained by a party to furnish expert services or advice or to give expert testimony in this action; and (d) any other person who may be designated as qualified to receive confidential documents or information by further order of this Court.

4.     The documents described in paragraph 1 above shall be marked as confidential and, if filed with the Court, shall be filed in a sealed envelope bearing the title and number of the case and with the notation: "Confidential--to be opened upon further order of this Court."  Within 45 days after the instant case is closed by the district court, these documents shall be unsealed unless either of the parties identifies and removes them.

5.     Interrogatory answers which include private personal information about non-parties,

or employer personnel information may be designated as confidential by marking the word "confidential" on the cover page of the answers and designating which of the answers are confidential.

6. To the extent that either of the parties seeks to use or otherwise refer to confidential documents or information in any deposition, that deposition also shall be subject to the terms of this Order. If documents or information designated as confidential are introduced or referenced in any deposition, the relevant deposition transcript shall be sealed pending further order of this Court.

7. Any attorney who discloses documents or information designated as confidential to an expert witness or consultant shall provide a copy of this Order to the expert and shall secure such expert's written acknowledgment that he or she agrees to be bound by the terms and conditions of this Order.

8. If any party desires to contest the confidential designation of documents or information produced or exchanged pursuant to this Order, that party shall give written notice to opposing counsel of its basis for challenging the designation, in whole or in part. If any such dispute cannot be resolved by agreement within 21 days of receipt of such written notice, the party claiming the confidential designation shall file a motion with the Court requesting clarification of the question of confidentiality. The disputed documents or information shall be treated as confidential pending further order of the Court, provided that a motion confirming the designation is made within the stated 21-day period. If no timely motion is made, at the expiration of that period, the disputed documents or information shall no longer be deemed to be confidential.

9. Within 120 days after entry of a final order concluding this litigation, all documents produced by a party and designated as confidential shall, upon the producing party's request and at that party's expense, either be destroyed or returned to the producing party.

10. The provisions of this Order and of any other or further protective orders entered in this action restricting the disclosure and use of confidential documents or information shall continue to be binding on the parties, their counsel, and their experts after the conclusion of this litigation.

ENTERED:

Date: _____

                                                                Magistrate Judge John A. Gorman