IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ARTILLA M. DYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-4090 |
| | ) |
| DIANN GRAVINO; and WEST CENTRAL | ) |
| COMMUNITY SERVICES, INC., | ) |
| an Illinois Not-For-Profit Corporation, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR ENTRY OF PROTECTIVE ORDER**

Now comes the Plaintiff, Artilla M. Dye, by Stoerzbach Morrison, P.C., her attorneys, and for her Motion for Entry of Protective Order, states as follows:

1. Certain aspects of discovery in this case should be governed by a protective order in the form attached hereto.

2. Defendants' attorney has no objection to the relief requested herein.

WHEREFORE, the Plaintiff prays that this Court enter a protective order in the form attached hereto.

    Artilla Dye, Plaintiff

    s/ DANIEL S. ALCORN
    #06209425
    STOERZBACH MORRISON, P.C.
    139 South Cherry Street
    P. O. Box 1328
    Galesburg, IL  61402-1328
    Telephone:  (309) 341-6000
    Telefax:     (309) 343-7500
    alcornd@galesburglaw.com

**PROOF OF SERVICE**

The undersigned hereby certifies that on March 2, 2006, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney for the Defendants, Stephen E. Balogh, Williams & McCarthy, 321 W. State Street, Suite 400, P. O. Box 219, Rockford, IL  61105

                                      s/ Daniel S. Alcorn, #06209425
                                      Attorney for Plaintiff
                                      STOERZBACH MORRISON, P.C.
                                      139 South Cherry Street
                                      P. O. Box 1328
                                      Galesburg, IL  61402-1328
                                      Telephone:  309/341-6000
                                      Telefax:      309/343-7500
                                      alcornd@galesburglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| ARTILLA M. DYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-4090 |
| | ) |
| DIANN GRAVINO; and WEST CENTRAL | ) |
| COMMUNITY SERVICES, INC., | ) |
| an Illinois Not-For-Profit Corporation, | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

On agreement of the parties for a protective order;

IT IS HEREBY ORDERED THAT:

1. It is anticipated that plaintiff shall seek personnel records and information regarding similarly situated employees of defendant, West Central Community Services, Inc., including Diann Gravino, and that defendants may offer similar records for their defense.

2. The documents described in paragraph 1 above as well as the information contained in such documents shall be considered to be "confidential" for purposes of this Order, and, when so designated, shall be subject to limited disclosure.

3. Documents or information designated as confidential in accordance with this Order shall be used solely for purposes of the instant action and, unless the Court rules otherwise, shall not be disclosed or revealed to any person other than (a) counsel of record in this action and the staffs of their respective law firms; (b) a party to this action; (c) any person retained by a party to furnish expert services or advice or to give expert testimony in this action; and (d) any other person who may be designated as qualified to receive confidential documents or information by further order of this Court.

4. The documents described in paragraph 1 above shall be marked as confidential and, if filed with the Court, shall be filed in a sealed envelope bearing the title and number of the case and with the notation: "Confidential--to be opened upon further order of this Court." Within 45 days after the instant case is closed by the district court, these documents shall be unsealed unless either of the parties identifies and removes them.

   5. Interrogatory answers which include private personal information about non-parties, or employer personnel information may be designated as confidential by marking the word "confidential" on the cover page of the answers and designating which of the answers are confidential.

   6. To the extent that either of the parties seeks to use or otherwise refer to confidential documents or information in any deposition, that deposition also shall be subject to the terms of this Order.  If documents or information designated as confidential are introduced or referenced in any deposition, the relevant deposition transcript shall be sealed pending further order of this Court.

   7. Any attorney who discloses documents or information designated as confidential to an expert witness or consultant shall provide a copy of this Order to the expert and shall secure such expert's written acknowledgment that he or she agrees to be bound by the terms and conditions of this Order.

   8. If any party desires to contest the confidential designation of documents or information produced or exchanged pursuant to this Order, that party shall give written notice to opposing counsel of its basis for challenging the designation, in whole or in part.  If any such dispute cannot be resolved by agreement within 21 days of receipt of such written notice, the party claiming the confidential designation shall file a motion with the Court requesting clarification of the question of confidentiality.  The disputed documents or information shall be treated as confidential pending further order of the Court, provided that a motion confirming the designation is made within the stated 21-day period.  If no timely motion is made, at the expiration of that period, the disputed documents or information shall no longer be deemed to be confidential.

   9. Within 120 days after entry of a final order concluding this litigation, all documents produced by a party and designated as confidential shall, upon the producing party's request and at that party's expense, either be destroyed or returned to the producing party.

   10. The provisions of this Order and of any other or further protective orders entered in this action restricting the disclosure and use of confidential documents or information shall continue to be binding on the parties, their counsel, and their experts after the conclusion of this litigation.

ENTERED:

Date:_____    _____
                 Magistrate Judge John A. Gorman