E-FILED
Tuesday, 07 March, 2006  03:37:46 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| ARTILLA M. DYE, | ) |
|        Plaintiff, | ) |
| vs. | ) No. 05-4090 |
| DIANN GRAVINO; and WEST CENTRAL COMMUNITY SERVICES, INC., an Illinois Not-For-Profit Corporation, | ) |
|        Defendants. | ) |

## PROTECTIVE ORDER

On agreement of the parties for a protective order;

IT IS HEREBY ORDERED THAT:

1. It is anticipated that plaintiff shall seek personnel records and information regarding similarly situated employees of defendant, West Central Community Services, Inc., including Diann Gravino, and that defendants may offer similar records for their defense.

2. The documents described in paragraph 1 above as well as the information contained in such documents shall be considered to be "confidential" for purposes of this Order, and, when so designated, shall be subject to limited disclosure.

3. Documents or information designated as confidential in accordance with this Order shall be used solely for purposes of the instant action and, unless the Court rules otherwise, shall not be disclosed or revealed to any person other than (a) counsel of record in this action and the staffs of their respective law firms; (b) a party to this action; (c) any person retained by a party to furnish expert services or advice or to give expert testimony in this action; and (d) any other person who may be designated as qualified to receive confidential documents or information by further order of this Court.

4. The documents described in paragraph 1 above shall be marked as confidential. Before a document marked confidential is filed with the Court, the party seeking to file the document shall file a motion by e-mail for leave to file documents under seal pursuant to Section III of the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.

      5.     Interrogatory answers which include private personal information about non-parties, or employer personnel information may be designated as confidential by marking the word "confidential" on the cover page of the answers and designating which of the answers are confidential.

      6.     To the extent that either of the parties seeks to use or otherwise refer to confidential documents or information in any deposition, that deposition also shall be subject to the terms of this Order. If documents or information designated as confidential are introduced or referenced in any deposition, the relevant deposition transcript shall be sealed pending further order of this Court.

      7.     Any attorney who discloses documents or information designated as confidential to an expert witness or consultant shall provide a copy of this Order to the expert and shall secure such expert's written acknowledgment that he or she agrees to be bound by the terms and conditions of this Order.

      8.     If any party desires to contest the confidential designation of documents or information produced or exchanged pursuant to this Order, that party shall give written notice to opposing counsel of its basis for challenging the designation, in whole or in part. If any such dispute cannot be resolved by agreement within 21 days of receipt of such written notice, the party claiming the confidential designation shall file a motion with the Court requesting clarification of the question of confidentiality. The disputed documents or information shall be treated as confidential pending further order of the Court, provided that a motion confirming the designation is made within the stated 21-day period. If no timely motion is made, at the expiration of that period, the disputed documents or information shall no longer be deemed to be confidential.

      9.     Within 120 days after entry of a final order concluding this litigation, all documents produced by a party and designated as confidential shall, upon the producing party's request and at that party's expense, either be destroyed or returned to the producing party.

      10.     The provisions of this Order and of any other or further protective orders entered in this action restricting the disclosure and use of confidential documents or information shall continue to be binding on the parties, their counsel, and their experts after the conclusion of this litigation.

ENTERED:

Date:_____          _____
                                              Magistrate Judge John A. Gorman